**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

FABIAN LOPEZ,

        Plaintiff - Appellee,

  v.

THYSSENKRUPP SUPPLY CHAIN
SERVICES NA, INC.,

        Defendant - Appellant.

No. 24-4633

D.C. No.
3:23-cv-03368-VC

MEMORANDUM*

---

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 13, 2025**
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District
    Judge.***

    Thyssenkrupp Supply Chain Services NA, Inc. (TKS) appeals the district

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    *** The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

court's order denying its motion to compel arbitration. The district court determined that Lopez is a transportation worker under § 1 of the Federal Arbitration Act (FAA), and therefore exempted from the provisions of the FAA. Reviewing *de novo*, we affirm. *See Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1008 (9th Cir. 2023).

Whether an employee is exempt under § 1 of the FAA is a threshold question that we must resolve prior to compelling arbitration. *See New Prime Inc. v. Oliveira*, 586 U.S. 105, 111 (2019). To determine whether an employee falls within a "class of workers engaged in foreign or interstate commerce," we first define the "class of workers" to which the employee belongs. *Southwest Airlines v. Saxon*, 596 U.S. 450, 455 (2022) (citation and footnote reference omitted). Next, we determine "whether that class of workers is engaged in foreign or interstate commerce." *Id*. (internal quotation marks omitted).

The district court correctly concluded that Lopez is an exempt employee under § 1 of the FAA, and that the arbitration agreements are unenforceable against him. The district court correctly defined the class of workers to which Lopez belongs "by reference to his job description." *Ortiz v. Randstad Inhouse Servs., LLC*, 95 F.4th 1152, 1161 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 165 (2024). Lopez "loads, unloads, processes, and stores goods . . . delivered either from an out-of-state location or through the Port of Oakland."

In performing his job duties, Lopez "actively engaged in the interstate commerce of goods" because he moved the vehicle parts through the warehouse "with the direct purpose of facilitating their continued travel through an interstate supply chain." *Id.* at 1162–63; *see also Saxon*, 596 U.S. at 458–59 (determining that "a worker is engaged in [interstate] transportation, when she is doing the work of unloading or loading cargo from a vehicle carrying goods in interstate transit") (citation and internal quotation marks omitted). Lopez "handled [the vehicle parts] as they went through the process of entering, temporarily occupying, and subsequently leaving the warehouse—a necessary step in their ongoing interstate journey to their final destination." *Ortiz*, 95 F.4th at 1162 (citation omitted).

We are not persuaded by TKS's assertion that Lopez is not exempt from the provisions of the FAA because his duties did not require him to cross state lines or assist in the shipment of goods across state lines. TKS relies on the fact that the vehicle parts were shipped intrastate after arriving at the warehouse. This argument is unavailing, as the focus of the exemption analysis "is not the worker's geography, but his work's connection with—and relevance to—the interstate flow of goods." *Id.* (citation omitted).

TKS also argues that the flow of interstate commerce ceased once the vehicle parts arrived at the warehouse for intrastate delivery. This argument is similarly unpersuasive, as the vehicle parts that Lopez handled did not come to rest

24-4633

at the warehouse, but only temporarily paused on their interstate journey. *See Carmona v. Domino's Pizza, LLC*, 73 F.4th 1135, 1138 (9th Cir. 2023) (concluding that "[b]ecause the goods in this case were inevitably destined from the outset of the interstate journey for Domino's franchisees, it matters not that they briefly paused that journey at the Supply Center").

Finally, TKS insists that workers are not "engaged" in interstate commerce when the "transportation of goods is not their main job description." But there is no requirement that a worker's main duties involve interstate transportation of goods to qualify for the FAA exemption. *See Ortiz*, 95 F.4th at 1163 (noting that "the exemption is not limited to only those who themselves actually transport goods across state boundaries"); *see also Lopez v. Aircraft Serv. Int'l, Inc.*, 107 F.4th 1096, 1101 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1063 (2025) (concluding that "a fuel technician who places fuel in an airplane used for foreign and interstate commerce is a transportation worker engaged in commerce" because fueling of an airplane is "so closely related to interstate and foreign commerce as to be in practical effect part of it") (citation omitted).

**AFFIRMED.**